## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| | ) | Chapter 11 |
| Deb Stores Holding LLC, *et al.*,[1] | ) | |
| | ) | Case No. 14-12676 (KG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| _____ | ) | |
| | ) | |
| Deb Shops SDFMC LLC, Debtor in Possession, | ) | |
| | ) | |
| Plaintiff, | ) | Adv. Pro. No. [Refer to Summons] |
| v. | ) | |
| | ) | |
| GMPC, Inc. dba GMPC, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

### COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548 AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502

Deb Shops SDFMC LLC (the "<u>Plaintiff</u>" or "<u>SDFMC</u>"), in its capacity as a debtor in possession, by and through its undersigned counsel, files this complaint (the "<u>Complaint</u>") to avoid and recover transfers against GMPC, Inc. dba GMPC, LLC (the "<u>Defendant</u>"), and in support thereof alleges upon information and belief that:

### NATURE OF THE CASE

1.      Plaintiff seeks to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property that

---

[1]      The Debtors, together with the last four digits of each Debtor's tax identification number, are: Deb Stores Holding LLC (4407), Deb Stores Holding II LLC (4755), Deb Shops SDP Inc. (4120), Deb Shops SDIH Inc. (4113), Deb Shops SD Inc. (8806), Deb Shops SDE LLC (4077), Deb Shops SDW LLC (4065), Deb Shops SDE-Commerce LLC (0926), and Deb Shops SDFMC LLC (8842) (collectively, the "<u>Debtors</u>" and singularly, a "<u>Debtor</u>"). The location of the Debtors' headquarters and the service address for each of the Debtors is 9401 Blue Grass Road, Philadelphia, PA 19114.

occurred during the Preference Period pursuant to sections 547 and 550 of chapter 5 of title 11 of the United States Code (the "Bankruptcy Code").  Subject to proof, Plaintiff also seeks to avoid and recover from Defendant or any other person or entity for whose benefit transfers were made pursuant to sections 548 and 550 of the Bankruptcy Code any transfers that may have been fraudulent conveyances.

2.      In addition, Plaintiff seeks to disallow, pursuant to sections 502(d) and (j) of the Bankruptcy Code, any claim that Defendant has filed or asserted against the Debtor or that has been scheduled for Defendant.  Plaintiff does not waive but hereby reserves all of its rights and the rights of the Debtor to object to any such claim for any reason, including, but not limited to, any reason set forth in sections 502(a) through (j) of the Bankruptcy Code.

## JURISDICTION AND VENUE

3.      This court has jurisdiction over this adversary proceeding, which arises under title 11, arises in, and relates to a case under title 11, in the United States Bankruptcy Court for the District of Delaware (the "Court") captioned *In re Deb Stores Holding LLC, et al.*, Case No. 14-12676 (KG) (the "Bankruptcy Case"), pursuant to 28 U.S.C. §§ 157 and 1334(b).

4.      This adversary proceeding is a "core" proceeding to be heard and determined by this Court pursuant to 28 U.S.C. § 157(b)(2).

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1409.

6.      The statutory and legal predicates for the relief sought herein are sections 502, 547, 548 and 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure.

7.      Pursuant to Rule 7008-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, Plaintiff states that it

consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## PROCEDURAL BACKGROUND

8.      On December 4, 2014 (the "Petition Date") the Debtors each commenced a case by filing a voluntary petition for relief in this Court under chapter 11 of the Bankruptcy Code.

9.      On December 5, 2014, the Court entered an order authorizing the joint administration of the Debtors' chapter 11 cases for procedural purposes pursuant to Bankruptcy Rule 1015(b). [Bankr. D.I. 43].

10.      On January 7, 2015, the Court entered the *Final Financing Order Authorizing Borrowing and the Use of Cash Collateral, Granting Liens and Providing Super-Priority Administrative Expense Status and Granting Adequate Protection Pursuant to Sections 363 and 364 of the Bankruptcy Code* (the "Final DIP Order") [Bankr. D.I. 334]. Pursuant to the Final DIP Order, while the Plaintiff retained standing to pursue Avoidance Actions,[2] all decisions to settle, dismiss, release, prosecute or not prosecute Avoidance Actions shall be made by a panel of one designee of the Committee and one designee of the Term Loan Agent on behalf of the Debtors' estates (the "Panel").

## THE PARTIES

11.      The Debtors were headquartered in Philadelphia, Pennsylvania and were mall-based retailers in the juniors "fast-fashion" specialty sector. As more fully discussed in the declaration filed in support of the first day motions,[3] Debtors Deb Stores Holding LLC and Deb Stores Holding II LLC are the direct and indirect owners of all other Debtors. As of September

---

[2] Undefined capitalized terms used herein shall have the meanings ascribed to them in the Final DIP Order.
[3] *See* D.I. 3.

30, 2014, the Debtors operated a total of 295 retail store locations, primarily in the East and Midwest, as well as an e-commerce channel.

12.     Plaintiff operated brick and mortar stores offering moderately priced, fashionable, coordinated young woman's sportswear, dresses, coats, jewelry, accessories, and shoes for juniors and plus size females, between the ages of 15 to 25.  The stores were located in regional malls, outlet centers and strip shopping centers in 44 states.

13.     Debtor Deb Shops SDE-Commerce, LLC ("E-Commerce") sold products through its e-commerce channels.  The Debtors' website enabled customers to shop online and served as a marketing tool to drive additional store traffic by displaying current fashions.  Additionally, in the summer of 2014, the Debtors opened an online store on Amazon.com in order to expand its business.

14.     The Panel has authorized Plaintiff to commence and prosecute this action.

15.     Upon information and belief, Defendant was, at all relevant times, a vendor to or creditor of the Debtors that designs and manufactures private label and branded fashion accessories for men, women, teens and kids.  Upon further information and belief, at all relevant times, Defendant's principal place of business is 11390 West Olympic Boulevard, Suite 400, Los Angeles, CA 90064.  Plaintiff is informed and believes, and on that basis alleges, that Defendant is a corporation residing in and subject to the laws of the State of California.

## FACTUAL BACKGROUND

16.     Prior to the Petition Date, the Debtors, as mall-based retailers in the juniors fast-fashion specialty sector, as well as e-commerce retail sellers, maintained business relationships with various business entities, including vendors, creditors, suppliers and distributors, and

regularly purchased, sold, received and/or delivered goods and services in support of their operations.

17.     The Debtors utilized a cash management system (the "<u>Cash Management System</u>") to facilitate the timely and efficient collection, management and disbursement of funds used in the Debtors' business.  As of the Petition Date, the Cash Management System consisted of bank accounts including concentration accounts, disbursement accounts, payroll accounts, tax accounts, and AP funding accounts, which were maintained at Wells Fargo Bank, N.A. ("<u>Wells Fargo</u>"), PNC Bank, N.A. ("<u>PNC</u>"), U.S. Bank, N.A., and various other banks [*See* Bankr. D.I. 10].

18.     Among these bank accounts, the disbursement accounts included: (i) a controlled disbursement account of SDFMC at PNC; (ii) a controlled disbursement account of E-Commerce at PNC; and (iii) disbursement accounts maintained by the Debtors at Wells Fargo (the "<u>Disbursement Accounts</u>").  The Disbursement Accounts funded payroll and non-payroll taxes, as well as non-payroll items relating to health benefits, vendor payments, lease payments and other expenditures, by electronic check runs, manual checks, and ACH payments. In certain circumstances, SDFMC made payments on behalf of E-Commerce and other Debtors to certain E-Commerce and other Debtors' vendors. In turn, these payments were reconciled through intercompany transactions and recorded by SDFMC, E-Commerce and other Debtors as intercompany payables, receivables, or loans, as applicable.

19.     During the ninety (90) day period prior to the Petition Date, that is, between September 5, 2014 through and including December 4, 2014 (the "<u>Preference Period</u>"), the Debtors, including Plaintiff, continued to operate their business affairs, including the transfer of

property, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits or otherwise to various entities.

20. During the course of their relationship, Plaintiff and Defendant entered into various agreements, which are evidenced by invoices, communications and other documents (collectively, the "Agreements"). The details of each of the transfers made under the Agreements during the Preference Period are set forth on Exhibit A attached hereto and incorporated by reference, including the "Invoice Number," "Invoice Date," "Invoice Amount" and "Debtor(s) Incurring Antecedent Debt."

21. Plaintiff and Defendant conducted business with one another through and including the Petition Date pursuant to the Agreements.

22. As identified in the Agreements identified on Exhibit A, Plaintiff purchased goods and/or services from Defendant.

23. Plaintiff has completed an analysis of all readily available information and is seeking to avoid all of the transfers of an interest of Plaintiff's property made by Plaintiff to Defendant within the Preference Period.

24. Plaintiff has determined that transfer(s) of an interest of its property were made to or for the benefit of Defendant during the Preference Period through payments under the Agreements aggregating an amount not less than $61,443.19 (the "Transfer" or "Transfers"). The details of each Transfer are set forth on Exhibit A attached hereto and incorporated by reference, including the "Check Number," "Check Amount," "Check Clear Date," and "Debtor Transferor(s)."

25. During the course of this adversary proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period.

6

It is Plaintiff's intention to avoid and recover all transfers made by it of an interest of it in property and to or for the benefit of Defendant or any other transferee. Plaintiff reserves its right to amend this original Complaint to include: (i) further information regarding the Transfer(s), (ii) additional transfers, (iii) modifications of and/or revisions to Defendant's name, (iv) additional defendants, and/or (v) additional causes of action, including without limitation, actions under 11 U.S.C. §§ 542, 544, 545 and/or 549, if applicable (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to the date of the filing of this original Complaint.

26.     Plaintiff acknowledges that some of the Transfers might be subject to defenses under Bankruptcy Code section 547(c), for which Defendant bears the burden of proof under section 547(g).

**FIRST CLAIM FOR RELIEF**
**(Avoidance of Preference Period Transfers – 11 U.S.C. § 547)**

27.     Plaintiff hereby incorporates all previous allegations as though fully set forth herein.

28.     Each Transfer was made to Defendant by Plaintiff as identified on Exhibit A under the column heading "Debtor Transferor(s)."  At times, Plaintiff was directed to make payments on behalf of other Debtors, and each payment was recorded as an intercompany receivable due and owing to Plaintiff from one of the other Debtors.

29.     Each Transfer was made from one or more of the Disbursement Accounts described *supra.*

30.     Each Transfer constituted a transfer of an interest in property of the Plaintiff as identified on Exhibit A.

31.     Defendant was a creditor of the Plaintiff at the time of each Transfer by virtue of supplying to Plaintiff identified on Exhibit A under the column heading "Debtor(s) Incurring Antecedent Debt" the goods and/or services identified in the Agreements, as more fully set forth on Exhibit A hereto, for which the Plaintiff was obligated to pay in accordance with such Agreements.

32.     Each Transfer was to or for the benefit of a creditor within the meaning of 11 U.S.C. § 547(b)(1) because each Transfer either reduced or fully satisfied a debt or debts then owed by Plaintiff identified on Exhibit A under the column heading "Debtor(s) Incurring Antecedent Debt" to Defendant, as set forth on Exhibit A hereto.

33.     Each Transfer was made for, or on account of, an antecedent debt or debts owed by Plaintiff identified on Exhibit A under the column heading "Debtor(s) Incurring Antecedent Debt" to Defendant before such Transfers were made, as asserted by Defendant and memorialized in the Agreements, each of which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of Defendant prior to being paid by Plaintiff, as set forth on Exhibit A hereto.

34.     Each Transfer was made while the Plaintiff was insolvent. Plaintiff is entitled to the presumption of insolvency for each Transfer made during the Preference Period pursuant to 11 U.S.C. § 547(f).

35.     Each Transfer was made during the Preference Period, as set forth on Exhibit A.

36.     As a result of each Transfer, Defendant received more than Defendant would have received if:  (i) the Plaintiff's case was under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendant received payments of its debts under the provisions of the Bankruptcy Code. As evidenced by the Plaintiff's schedules filed in the

underlying bankruptcy cases, as well as the proofs of claim that have been received to date, the Plaintiff's liabilities exceed its assets to the point that unsecured creditors will not receive a payment in full on account of their respective allowed claims from the Plaintiff's bankruptcy estate.

37.     Based on the foregoing, each Transfer is avoidable pursuant to 11 U.S.C. § 547(b).

## SECOND CLAIM FOR RELIEF
### (Avoidance of Fraudulent Conveyances – 11 U.S.C. § 548(a)(1)(B))

38.     Plaintiff hereby incorporates all previous allegations as though fully set forth herein.

39.     To the extent one or more of the Transfers identified on Exhibit A was not made on account of an antecedent debt, or was a prepayment for goods and/or services subsequently received, Plaintiff pleads in the alternative that it did not receive reasonably equivalent value in exchange for such transfer(s) (the "Potentially Fraudulent Transfers"); and

A.     Plaintiff was insolvent as of the date of the Transfer(s), or became insolvent as a result of the Transfer(s); or

B.     Plaintiff was engaged, or about to engage, in business or a transaction for which any property remaining with the Plaintiff or for whose benefit the Transfer(s) was made was an unreasonably small capital; or

C.     Plaintiff intended to incur, or believed it would incur, debts beyond its ability to pay upon maturity.

40.     Based upon the foregoing, the Potentially Fraudulent Transfers are avoidable pursuant to 11 U.S.C. § 548(a)(1)(B).

## THIRD CLAIM FOR RELIEF
### (Recovery of Avoided Transfers – 11 U.S.C. § 550)

41.     Plaintiff hereby incorporates all previous allegations as though fully set forth herein.

42.     Plaintiff is entitled to avoid the Transfer(s) pursuant to 11 U.S.C. § 547(b) and/or any Potentially Fraudulent Transfers pursuant to 11 U.S.C. § 548 (collectively, the "Avoidable Transfers").

43.     Defendant was the initial transferee of the Avoidable Transfer(s) or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Avoidable Transfer(s) were made.

44.     Based upon the foregoing, Plaintiff is entitled to recover the Avoidable Transfer(s) or the value of the Avoidable Transfer(s) from Defendant under 11 U.S.C. § 550(a), together with an award of pre- and post-judgment interest thereon from the date of demand to the date of payment and the costs of this action.

## FOURTH CLAIM FOR RELIEF
### (Disallowance of all Claims – 11 U.S.C. § 502(d) and (j))

45.     Plaintiff hereby incorporates all previous allegations as though fully set forth herein.

46.     Defendant is a transferee of transfers avoidable under section 547 and/or 548 of the Bankruptcy Code, which property is recoverable under section 550 of the Bankruptcy Code.

47.     Defendant has not satisfied its liability for the Avoidable Transfers or turned over such property for which Defendant is liable under section 550 of the Bankruptcy Code.

10

48.      Pursuant to section 502(d) of the Bankruptcy Code, any and all claims of Defendant and/or its assignee against Plaintiff must be disallowed until such time as Defendant pays Plaintiff an amount equal to the Avoidable Transfers, plus interest thereon and costs.

49.      Pursuant to section 502(j) of the Bankruptcy Code, any and all previously allowed claims of Defendant against Plaintiff, including any and all claims assigned by Defendant, must be reconsidered and disallowed until such time as Defendant pays to Plaintiff the amount equal to the Avoidable Transfers, plus interest thereon and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court grant the following relief against Defendant:

A.  On Plaintiff's First, Second, and Third Claims for Relief, judgment in favor of Plaintiff and against Defendant, avoiding all of the Avoidable Transfers and directing Defendant to return to Plaintiff the amount of the Avoidable Transfers, pursuant to 11 U.S.C. §§ 547(b), 548, and/or 550(a), plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees;

B.  On Plaintiff's Fourth Claim for Relief, judgment in favor of Plaintiff and against Defendant disallowing any claims held or filed by Defendant against the Plaintiff until Defendant returns the Avoidable Transfers to Plaintiff pursuant to 11 U.S.C. § 502(d) and (j); and

C.  Granting Plaintiff such other and further relief as this Court may deem just and proper.

Dated:  July 28, 2015

Local Counsel                    By:    **THE ROSNER LAW GROUP LLC**

                                        */s/   Julia Klein*
                                        Frederick B. Rosner, Esq. (DE 3995)
                                        Julia B. Klein (DE 5198)
                                        824 Market Street, Suite 810
                                        Wilmington, DE 19801
                                        Tel.: (302) 777-1111
                                        rosner@teamrosner.com
                                        klein@teamrosner.com


                                        And

Primary Counsel
(**Please Contact Primary Counsel**)   Joseph L. Steinfeld, Jr., DC SBN 297101,
                                        MN SBN 0266292, VA SBN 18666
                                        Kendra K. Bader, MN SBN 0391229
                                        ASK LLP
                                        2600 Eagan Woods Drive, Suite 400
                                        St. Paul, MN  55121
                                        **Telephone:** (651) 406-9665 ext. 870
                                        **Fax:** (651) 406-9676
                                        **E-Mail:**  kbader@askllp.com

                                        And

                                        Edward E. Neiger, Esq.
                                        151 West 46th Street, 4th Fl.
                                        New York, NY  10036
                                        Telephone: (212) 267-7342
                                        Fax: (212) 918-3427

                                        *Special Counsel for Plaintiff, Deb Shops SDFMC*
                                        *LLC, Debtor in Possession*